UNITED STATES OF AMERICA, Plaintiff—Appellee,

v.

**Del Eugene WEECH, Defendant— Appellant.**

No. 04–30063.

D.C. No. CR–03–00034–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 2004.[*]

Decided Nov. 2, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carl E. Rostad, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff-Appellee.

David F. Ness, FDMT-Federal Defenders of Montana, Great Falls, MT, for Defendant-Appellant.

Before BROWNING, TASHIMA, and BYBEE, Circuit Judges.

## MEMORANDUM**

Del Eugene Weech challenges his six-month sentence for bank fraud in violation of 18 U.S.C. § 1344. He argues that the district court erred by incorporating his prior state conviction for passing bad checks in the calculation of his criminal history level. The court determined that his prior sentence in state court for check fraud was "for conduct not part of the instant offense" within the meaning of United States Sentencing Guidelines

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(USSG) § 4A1.2(a)(1) and added one point to his criminal history for that sentence, pursuant to USSG § 4A1.1(c).

This court reviews *de novo* a district court's determination that conduct underlying a prior sentence was not "part of" that underlying the instant offense, within the meaning of USSG § 4A1.2(a)(1). *United States v. Buchanan,* 59 F.3d 914, 918 (9th Cir.1995).

The prior conduct at issue is another scheme to steal money by issuing bad checks to a supermarket. Weech argues that this series of bad checks was part of a "common scheme or plan" or the "same course of conduct" as the federal check kiting scheme for which he is being sentenced in this case. USSG § 1B1.3. Comment 9(A) to USSG § 1B1.3 suggests that a "common scheme or plan" must have at least one of the following factors in common: "commonality of victims ..., commonality of offenders ..., commonality of purpose ..., or similarity of *modus operandi.*" USSG § 1B1.3, Comment 9(A) (emphasis in original). Comment 9(B) defines "same course of conduct" as "part of a single episode, spree, or ongoing series of offenses." Weech argues that both sets of bad checks were part of a "common scheme or plan" because they shared the same bank account and purpose ("making money").

We disagree. The standard set by the case law requires a far greater unity of specific purpose, method, time period, and victim, than can be attributed to Weech's bank fraud schemes. Each scheme took place over short, discrete periods of time separated by a year. They had different victims and involved somewhat different methods. The first was "check kiting," which is taking advantage of the time re-

quired for checks to clear by swapping checks between two accounts, while the second was directly defrauding a retailer by issuing bad checks. The federal charges included no conduct on which the state charge was based.

For these reasons the court did not err in determining that Weech's prior sentence in state court for check fraud was "for conduct not part of the instant offense" and thus including it in his criminal history under USSG § 4B1.2(a)(1).

The district court's determination of Weech's criminal history level is AFFIRMED.